```
            IN THE UNITED STATES DISTRICT COURT
               FOR THE DISTRICT OF MARYLAND
```

A. DIAS RAMOS, et al.           :
                                :
v.                              :   Civil Action WMN-01-2742
                                :
TENNSMITH, INC.                 :
                                :

## MEMORANDUM

Before the Court are Defendant's Motion for Attorney's Fees and Costs (Paper No. 28), Plaintiffs' Motion to Revise Judgment (Paper No. 29), Plaintiffs' Motion for Summary Judgment on Counterclaim (Paper No. 30), Defendant's Motion for Voluntary Partial Dismissal and Motion for Summary Judgment on Counterclaim (Paper No. 34), and Plaintiffs' Motion to Strike Reply or to File Surreply to Reply to Response to Motion for Attorney's Fees (Paper No. 36).  The motions have been thoroughly briefed and are ripe for decision.  Upon review of the pleadings and applicable case law, the Court determines that no hearing is necessary (Local Rule 105.6).  Each motion will be addressed below.

## I. BACKGROUND

At issue in this case are swing beam shears, which are large heavy pieces of equipment used to cut sheets of metal. Plaintiff ADIRA is a Portuguese company that manufactures heavy equipment and machinery and distributes such items throughout the world through a network of distributors, including Plaintiff Comeq, Inc., ADIRA's exclusive distributor

for the United States.  Defendant, Tennsmith, is a family-owned business which is located in Tennesee and manufactures metal working machinery, including light and heavy gauge machines.

In 1992, Plaintiff ADIRA designed and manufactured its "GH" series of swing beam shears.  This series has never been patented.  In mid-1993, Plaintiff ADIRA shipped its first GH series swing beam shears to Plaintiff Comeq for sale in the United States.  Plaintiffs produced a nine-page brochure describing the GH series product in 1995.  In 1998, Defendant was considering developing its own line of press brakes and swing beam shears and performed patent searches and determined that neither ADIRA nor others held patent rights in and to swing beam shears.  Subsequently, Defendant designed and manufactured its own swing beam shears in 1999.  Defendant displayed its first swing beam shear at a trade show in Chicago in November 1999 and sold its first shear in March 2000.  As part of its marketing efforts, Defendant produced an advertising brochure in or around November 2000, describing its swing beam product.

Beginning in July 2001, counsel for Plaintiffs contacted Defendant regarding the shear and brochure.  Correspondence was traded between counsel, and this suit was eventually filed in September 2001.  Plaintiffs' Complaint alleged four causes

of action: interference with prospective advantage (Count 1), copyright infringement (Count 2), unfair competition (Count 3), and Lanham Act violation, 15 U.S.C. § 1125 (Count 4). Defendant moved for summary judgment as to all claims, and on October 23, 2002, this Court granted Defendant's motion for summary judgment.  The October 23, 2002 Order stated, <u>inter alia</u>, "[t]hat judgment is granted in favor of Defendant and against Plaintiffs;" and "[t]hat any and all prior rulings made by this Court disposing of any claims against any parties are incorporated by reference herein and this order shall be deemed to be a <u>final judgment</u> within the meaning of Fed. R. Civ. P. 58 . . . ."  (emphasis added).

## II. DISCUSSION

### A. Plaintiffs' Motion to Revise Judgment

Plaintiffs filed their motion to revise judgment pursuant to Fed. R. Civ. P. 60(b).[1]  Plaintiffs argue that the Court erred in granting summary judgment to Defendant and present three main arguments in support: 1) "the Court exceeded its discretion in granting the Motion since it resolved clear

---

[1] Plaintiffs argue that "[b]ecause no final judgment has been entered, it would be inappropriate to note an appeal or to file a Motion pursuant to Rule 59 and the only other legal authority which exists is Rule 60(b)."  Pls.' Reply at 1.  The Court disagrees and notes the language of the October 23, 2002 Order in which it is stated that "this order shall be deemed to be a final judgment within the meaning of Fed. R. Civ. P. 58 . . . ."

3

disputes of fact;" 2) the Court "erred in its construction of Copyright Law;" and 3) the Court "abused its discretion in rejecting Plaintiff's Affidavit under Rule 56(f)."  Pls.' Mot. at 1.

A Rule 60(b) motion is not the proper mechanism for this Court to review Plaintiffs' arguments.  As the Fourth Circuit has held, "because Rule 60(b) does not authorize a motion merely for reconsideration of a legal issue," this Court cannot on a Rule 60(b) motion reconsider its ruling with regard to substantive issues.  <u>United States v. Williams</u>, 674 F.2d 310, 312 (4th Cir. 1982).  <u>See also</u>, <u>Chalmers v. Winston</u>, 5 Fed. Appx. 214, 214 (4th Cir. 2001) ("A Rule 60(b) motion does not bring up for review the merits of the underlying substantive judgment . . . .").  Although in certain limited circumstances, the word "mistake" in Rule 60(b) has been read to include mistakes by the court, those circumstances are not present here.  <u>See, e.g.</u>, <u>Tarkington v. United States Lines Co.</u>, 222 F.2d 358 (2nd Cir. 1955) (a Supreme Court decision handed down after the district court initially entered judgment indicated that the district court had erred; Rule 60(b) was held to authorize a motion bringing the Supreme Court decision to the district court's attention and asking the district court to alter its judgment accordingly). Because Plaintiffs' motion is essentially a request for this

Court "to change its mind," it is not authorized by Rule 60(b), and accordingly, this Court will deny Plaintiffs' motion to revise judgment.  <u>Williams</u>, 674 F.2d at 313.

    B.  <u>Defendant's Counterclaims</u>

When Defendant filed its Answer to Plaintiffs' Complaint, it included a Counterclaim.  Defendant included a request for a declaration of non-infringement; a request for a finding that Plaintiffs' claims are frivolous; a claim for interference with prospective business advantage; and a claim for attorney's fees, costs and expenses pursuant to 17 U.S.C. § 505 and 15 U.S.C. § 1117.  With respect to the request for a declaration of non-infringement, this request was implicitly dealt with in the Court's October 23, 2002 Memorandum and Order in which the Court concluded that Defendant was entitled to summary judgment as to both the copyright infringement claim and the trade dress claim.  As to the request for a finding that Plaintiffs' claims are frivolous, the Court declines to issue such a finding.

Defendant now moves for voluntary partial dismissal of its counterclaim for interference with prospective business advantage. Federal Rules of Civil Procedure 41(a)(2) and (c) provide, in part, that after a responsive pleading is served, a counterclaim shall not be dismissed "save upon order of the court and upon such terms and conditions as the court deems

proper." Plaintiffs object to the dismissal of this aspect of Defendant's counterclaim because Plaintiffs have been "put . . . to the cost of discovery regarding those claims and the need to defend those claims." Pls.' Response at 2. Defendant responds that there has been no substantive discovery of this aspect of its counterclaim, except for one interrogatory question and "perhaps a related request for production of documents." Def.'s Reply at 2. Further, Plaintiffs have taken no depositions with respect to this claim. After taking these statements into consideration, the Court will grant Defendant's motion and will dismiss Defendant's counterclaim for interference with prospective business advantage.

C.  Defendant's Motion for Attorney's Fees and Costs

Defendant, moving pursuant to Fed. R. Civ. P. 54(b), 17 U.S.C. § 505 (the Copyright Act), and 15 U.S.C. § 1117(a) (the Lanham Act), requests the Court to require Plaintiffs to pay Defendant's attorney's fees, expenses of litigation, and costs.[2]  Under the Copyright Act, the Court has discretionary

---

[2] Defendant also moves for summary judgment as to its counterclaim for attorney's fees, costs, and expenses. In Plaintiffs' response to Defendant's motion for attorney's fees and costs, they "move for summary judgment on the Counterclaim of [Defendant] which seeks the same relief sought in its Motion." Plaintiffs have also filed a Motion to Strike Reply or to File Surreply to Reply to Response to Motion for Attorney's Fees. The Court will deny Plaintiffs' motion to strike reply and will grant the motion to file a surreply because the surreply responds directly and briefly to the new

authority to award costs and attorney's fees. In determining whether to award costs and fees to a prevailing party under the Copyright Act, the following factors guide a district court: "1) the motivation of the parties; 2) the objective reasonableness of the legal and factual positions advanced; 3) the need in particular circumstances to advance considerations of compensation and deterrence; and 4) any other relevant factor presented." Diamond Star Bldg. Corp. v. Freed, 30 F.3d 503, 505 (4th Cir. 1996) (citing Rosciscewski v. Aret Assocs., Inc., 1 F.3d 225, 234 (4th Cir. 1993)). After evaluating these factors, the Court concludes that an award of costs and fees under § 505 is not warranted.

    1. Motivation: Although the presence or absence of bad faith is not necessarily dispositive of this issue, it remains a factor to be considered. Rosciszewski, 1 F.3d at 234-35. Defendant argues that "Plaintiffs' suit is nothing more than what the United States Supreme Court has described as 'an anti-competitive strike suit.'" Def.'s Reply at 4 (citing Wal-Mart Stores, Inc. v. Samara Bros., Inc., 529 U.S. 205, 214 (2000)). Defendant has provided, however, little evidence beyond its own belief to support this allegation. Defendant questioned Mr. Pacheco, Plaintiffs' managing director, at his

---

material presented in Defendant's reply in support of its motion for attorney's fees and costs.

deposition regarding Plaintiffs' motivation for this suit, and he stated that it was not to eliminate Defendant from the swing beam shear market.  Pacheco Dep. at 165-67.  The evidence presented does not indicate that Plaintiffs were acting in bad faith or that they were seeking to eliminate Defendant as a competitor in the swing beam shear market.  Accordingly, this factor weighs against a fee and cost award.

    2.   Reasonableness of Positions Advanced: Both parties have advanced reasonable legal and factual positions throughout the litigation.  The Court spent a great deal of time analyzing and considering both sides' arguments and theories.  Although the Court and Plaintiffs reached different conclusions with respect to Plaintiffs' claims, there was nothing "objectively unreasonable" about those claims.  Robinson v. New Line Cinema Corp., 57 F.Supp.2d 211, 218 (D. Md. 1999).  Thus, this factor weighs against a fee and cost award.

    3.   Compensation and Deterrence: As mentioned above, there is little evidence beyond Defendant's bald assertions that Plaintiffs were motivated by anti-competitive sentiments.  Additionally, the Court disagrees with Defendant that Plaintiffs' claims are frivolous and baseless.  As such, the Court concludes that an award of attorney's fees and costs is not necessary for the purposes of compensation and deterrence.

4. Other factors: Defendant obtained a complete victory on its motion for summary judgment. This fact weighs in favor of a fee and award cost. O'Well Novelty Co., Ltd. v. Offenbacher, Inc., 1999 WL 813964, at *18 (D. Md. 1999).

With respect to an award of attorney's fees and costs under the Lanham Act, 15 U.S.C. § 1117(a) provides that "the court in exceptional cases may award reasonable attorney fees to the prevailing party." The Fourth Circuit has held that "a finding of bad faith . . . is not necessary for a prevailing defendant to prove an 'exceptional' case under 35(a) [15 U.S.C. § 1117(a)] of the Lanham Act." Scotch Whisky Ass'n v. Majestic Distilling Co., 958 F.2d 594, 599 (4th Cir. 1992), cert. denied, 506 U.S. 862 (1992). Relevant factors include "'economic coercion'," "'groundless arguments'," and failure to cite controlling law. Ale House Mgmt., Inc. v. Raliegh Ale House, Inc., 205 F.3d 137, 144 (4th Cir. 2000) (quoting Noxell Corp. v. Firehouse No.1 Bar-B-Que Rest., 771 F.2d 521, 526-27 (D.C. Cir. 1985)). Taking these factors into consideration, the Court concludes that the instant case is not an "exceptional" case under the Lanham Act to warrant the award of fees and costs.

Based on the foregoing analysis, the Court will deny Defendant's motion for attorney's fees and costs. This decision obviates the need for the Court to consider the

parties' cross-motions for summary judgment on the counterclaim for attorney's fees and costs.  Accordingly, the Court will deny those motions as moot.

### IV.  CONCLUSION

For the foregoing reasons, this Court will deny Plaintiffs' motion to revise judgment, grant Defendant's motion to dismiss its counterclaim for interference with prospective business advantage, deny Defendant's motion for attorney's fees and costs, deny Defendant's motion for summary judgment as to its counterclaim for attorney's fees, costs, and expenses, and deny Plaintiffs' motion for summary judgment as to Defendant's counterclaim for attorney's fees, costs, and expenses.  A separate order consistent with this memorandum will issue.

```
                              _____
                              William M. Nickerson
                              Senior United States District Judge
```

Dated:   March 27, 2003